## McGinnis vs. Wheeler and others.

PRACTICE—APPEAL: *Who has a right to object and appeal.*

Where, in foreclosure, one of the defendants is alleged to be unlawfully in possession of the note and mortgage in suit, and by his answer claims title to them, if the court finds that plaintiff is not the owner of them, he cannot object to an order disposing of funds paid into court in satisfaction of the mortgage by other defendants, even though it appear that a third person, not a party to the action, who is the real owner of said instruments, would be injured by such order.

APPEAL from the Circuit Court for *Dane* County. Foreclosure of a mortgage made April 18, 1866, to secure note of same date, payable in one year. The mortgagors sold the premises to one *Wilson*, who was to pay the mortgage. The plaintiff, *Eliza J. McGinnis*, claimed to own the note and mortgage, by assignment made in March, 1867, and alleged that there was due thereon $200 with interest at ten per cent. from date; that the defendant *Marcus Wheeler* had possession of the note and wrongfully obtained and withheld it from her, and prayed that he might be ordered to produce it in this suit. *Wilson*, by his answer, claimed a payment of $20 on the note, for interest, May 2,

1867, and alleged that *Marcus Wheeler* had had the note and claimed to own it; and he brought into court $245 to be paid to whoever should be found entitled to it, and offered to pay such further sum as might be due, and prayed that the court adjudge who was entitled to the money, and that such person be directed to discharge the mortgage, and that he himself be dismissed with his costs, etc.   *Marcus Wheeler*, by his answer, alleges that before April, 1867, the plaintiff duly transferred the note and mortgage to Robert McGinnis, and had never since been either in law or equity the owner thereof; that on the 27th of April, 1867, Robert McGinnis and Emily McGinnis were indebted to him in the sum of $81.74; that in a suit against them before a justice of the peace, the note was attached by the constable who served the writ, as the property of Robert McGinnis; that afterwards the note was sold upon an execution in the same suit, and said defendant bought it at the execution sale, for $184; that the officer applied the proceeds to the payment of said defendant's judgment ($85.55), and the remainder to the satisfaction of two certain other executions in attachment suits against Robert McGinnis, which the officer had in his hands at the same time.   Said defendant *Wheeler* therefore demanded judgment against the plaintiff, that he and not the plaintiff was the owner of the note and mortgage, and also demanded the usual judgment of foreclosure in his favor against the other defendants and against the plaintiff; or, in case the proceedings of the constable in selling the note, etc., were not valid, then he demanded judgment that said note and debt were yet in the hand of the constable, and directing the justices by whom said judgments against Robert McGinnis were rendered, to vacate the entries of satisfaction of said judgments, and direct the constable to collect the money due on the note and apply the same in payment of the amount of the judgment,

interest and costs of said defendant against Robert and Emily McGinnis, and to reimburse said defendant for the balance of the money paid by him to said constable upon said sale or·upon said other judgments, etc.

The court found the following facts: 1. That the plaintiff was not the owner or holder of the note in suit, but the action was brought in her name for the purpose of defeating the claims of the attaching creditors mentioned in *Wheeler's* answer. 2. That the several atttachments mentioned in said answer were duly issued, and such proceedings were had therein as are mentioned in that answer. 3. That the note, at the time of such attachment, was the property of Robert McGinnis. 4. That the several matters alleged in the answers of *Wilson* and *Wheeler* were true, except that *Wilson* had made no offer to pay the note before bringing the money into court. 5. That at the time of the issuing and levying of said attachments, said attachment debtors had no property in this state liable to sale on execution, but said Robert had then left this state, and his wife shortly afterwards followed him to another state, where they and said *Eliza* still reside.

Upon these· facts the court held: 1. That said *Eliza J. McGinnis* had no right to bring this action; ·but as it was commenced in her name by consent of Robert, and as none of the parties ask it, it should not be dismissed on that ground, but the balance of the money not ordered to be paid to *Wheeler* should be paid over to her,. after paying costs awarded against her. 2. That the note in question was liable to be attached by the creditors of Robert McGinnis. 3. That said note was not liable to sale under the attachment executions. 4. That the seizure of said note in attachment gave the attaching creditors a lien upon it, and upon the fund which might be realized therefrom. 5. That as the fund represented by the note had been paid into court by *Wilson* for the parties entitled thereto, *Wheeler* had a right in

equity to receive thereof $218.58, the amount he paid for the note to the officer who held the same under the attachment, including interest to date.    6. That the $245 paid into court by *Wilson* was the full amount due on the note and mortgage at the time of such payment, and *Wilson* was entitled to have his mortgage satisfied on the record.    7. That the residue ($26.42) of the amount paid in by *Wilson* should be applied to the payment of costs adjudged against the plaintiff, and the balance, if any, paid over to her.    8. That *Wheeler* was entitled to recover of the plaintiff his costs since the money was paid into court ; and that *Wilson* should pay all costs before that time.

Judgment accordingly ; and the plaintiff appealed.

*Hopkins & Foote*, for appellant, argued that the officer had no authority to sell the note, even if it was the property of Robert McGinnis (R. S. ch. 120, secs. 177, 191–193, and ch. 130, secs. 10, 12–14 ; *Harris v. Murray*, 28 N. Y. 577 ; *Ransom v. Mince*, 3 Sandf. 692 ; *Brower v. Smith*, 17 Wis. 410 ; see also, 9 Johns. 100 ; 1 Cow. 240 ; 16 N. Y. 392, 397) ; that trespass might have been maintained against him (even if he had a right to *attach* the note), and also against the purchaser (*Melville v. Brown*, 15 Mass. 82 ; 28 N. Y. 577 ; *Allen v. Crofoot*, 5 Wend. 506 ; *Adams v. Adams*, 13 Pick. 384 ; *Bond v. Wilder*, 16 Vt. 393 ; 3 N. H. 210–227) ; and that *Wheeler*, having acquired no title to the note, had no right to contest the plaintiff's title, he having been made a party only because he claimed the note, and not as having any interest in the premises (9 Iowa, 140 ; 12 Pick. 276 ; 2 Sandf. 717 ; Drake on Attach. § 93).    They further argued that as in the case of a pledgee wrongfully selling the property pledged, the pledgor may recover the value of it without tendering the debt (*Stearns v. Marsh*, 4 Denio, 231 ; *McLean v. Walker*, 10 Johns. 472 : 2 Coms. 443–449 ; Story on Bailments, § 349), so when an officer

or other person charged with a legal duty or authority proceeds unlawfully, equity will not relieve him from the consequences of his act (*Illsley v. Nichols*, 12 Pick. 270–276; 1 Story, 478; 17 Vt. 435); and that the case made for defendants was merely one of a *mistake of law*, from which neither a court of law nor one of equity will relieve. Story's Eq. Jur. § 137; *Shotwell v. Murray*, 1 Johns. Ch. 515; 2 id. 160; *Dupre v. Thompson*, 4 Barb. 279; *Hunt v. Roumaniere*, 1 Pet. 15; *Bank of U. S. v. Daniel*, 12 id. 32, 55, 56; *Hurd v. Hall*, 12 Wis. 112. They also contended that the findings of fact were erroneous; and as to the costs they argued, that *Wheeler* having claimed title to the note and failed to show it, and having been allowed only a lien upon it, with surplus to the plaintiff, he should be required to pay her costs. 6 Seld. 319; 3 Sandf. Ch. 348, 608; 2 id. 78, 116; 4 Edw. 1.

*Spooner, Lamb & Spooner*, for respondent *Wheeler*.

PAINE, J.   The findings of the court below, that the plaintiff was not the owner of the note and mortgage, and that they were the property of her son Robert, and that the suit was brought in her name for the purpose of defeating the claims of the creditors of Robert, seem to be in accordance with the clear weight of the testimony.   This being so, she is in no position to question the correctness of the rulings of that court as to the validity or effect of the proceedings under which the defendant *Wheeler* claimed title.

Her counsel contends that those proceedings were void, and that a constable has no lawful authority to sell *choses in action* on an execution from a justice's court; and that therefore, as the defendant acquired no title through that sale, he is not in a situation to question the plaintiff's title.   But the difficulty with the plaintiff's case is, that the defendant has the first chance to apply that rule.   Having proved to the satisfaction of the court below, and of this court, that the

plaintiff had no title, and the burden being on her to show title, in order to maintain the action, she becomes the first victim of the rule that one without a title is not in a position to question the claims of others.

We do not consider it necessary, therefore, to pass upon any of the various objections made by the appellant to the other rulings of the court. Being satisfied that the note and mortgage belonged to the plaintiff's son, even though the proceedings of the attaching creditors were irregular, it may be that, in view of the peculiar position in which the parties have placed themselves, the judgment will do substantial justice to all concerned, though the result may have been arrived at in a somewhat irregular manner. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.