## OLIVER LEVERSON v. OSCAR OLSON, Sheriff of Morton County, North Dakota.

### (142 N. W. 917.)

**Mortgage foreclosure sale — purchaser — prior mortgage — redemption — amount required.**

> Sections 7140, 7141, and 7465, Rev. Codes 1905, relating to redemptions from forced sales, construed and *held* not to require a person seeking to redeem from a purchaser at a mortgage foreclosure sale to pay such purchaser, in addition to his purchase price with interest, the amount of a mortgage lien held by him on the property which is prior to the mortgage that was foreclosed.

### Opinion filed July 3, 1913.

Appeal from District Court, Morton County, *S. L. Nuchols,* J.

From a judgment denying a peremptory writ of mandamus, plaintiff appeals.

Affirmed.

*B. W. Shaw* and *Leverson & Olson (Newton, Dullan & Young,* of counsel), for appellant.

If a purchaser, at forced sale, is also a creditor having a prior lien to that of the redemptioner, other than the judgment (or lien) under which such purchase was made, the amount of such other lien, with interest, must also be paid by the redemptioner. There is no exception, and the statute must be strictly complied with. State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692.

A redemptioner must not only pay the amount of the purchase price and interest, taxes, etc., on redemption, but he must also pay the amount of any prior lien held by the purchaser against the property. VanDyke v. Herman, 3 Cal. 296; Knight v. Fair, 9 Cal. 117; McMillan v. Richards, 9 Cal. 413, 70 Am. Dec. 655.

Any prior lien which the purchaser may have, other than the one upon which sale was made, must be paid by the redemptioner or creditor holding a subsequent lien on redemption from sale. Sharp v. Miller, 47 Cal. 82.

If a redemptioner seeks to redeem from the purchaser, he must pay

all liens of the holder of the certificate of purchase, paramount to the lien under which redemption is sought to be made.    3 Freeman, Executions, § 1878; 17 Cyc. 1332; People ex rel. Rice v. Ransom, 2 Hill, 51.

*Hanley & Sullivan* (*John Carmody,* of counsel) for respondent.

A mortgagee cannot be compelled to accept payment of his mortgage until it is due.    A judgment, when properly docketed, is always due, and payment may be made at any time.    11 Jones, Mortg. 6th ed. § 1052, and cases cited.    North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 118 N. W. 453; Rev. Codes 1905, § 6141.

A prior lien to that upon which sale was made, held by the purchaser or holder of the certificate of such sale, need not be paid by a redemptioner on redemption of the property from such sale.    Nopson v. Horton, 20 Minn. 268, Gil. 239; Abraham v. Holloway, 41 Minn. 156, 42 N. W. 867; Campbell v. Oakes, 68 Cal. 222, 9 Pac. 77.

The lien of a prior judgment or mortgage is in no manner affected by sale under a subsequent lien.    Campbell v. Oakes, supra; Horn v. Indianapolis Nat. Bank, 125 Ind. 381, 9 L.R.A. 676, 21 Am. St. Rep. 231, 25 N. E. 558; Bridgeport v. Blinn, 43 Conn. 274; McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281.    The cases cited in 17 Cyc. 1332, distinguished.

Fisk, J.    This is an appeal from a judgment of the district court of Morton county, quashing an alternative writ of mandamus theretofore issued on the petition of plaintiff and appellant against the sheriff of said county.    By such writ plaintiff sought to compel the defendant, as sheriff, to execute and deliver to him a sheriff's deed to the premises described in the writ, pursuant to a mortgage foreclosure sale and a sheriff's certificate issued to and held by plaintiff as the purchaser at such foreclosure sale.    Prior to the expiration of the period allowed for redemption, one Wm. H. Brown, the owner of a junior mortgage on the premises, sought to redeem therefrom by paying to the sheriff the amount due the plaintiff as such purchaser, with legal interest, taking the requisite statutory steps to effect a redemption.    It is conceded by appellant that such redemption was valid, provided it be held that Brown was not required, under the statute, to pay, in addition to the

amount paid by him, a sum sufficient to satisfy a mortgage held by plaintiff prior to the mortgage foreclosed. Whether it was necessary so to do is the sole question presented on this appeal. The trial court held adversely to plaintiff's contention.

The facts are not in dispute, and so far as material are as follows: On February 1, 1908, the real property involved was owned by one John Olson Solberg, and on that date he executed and delivered to Kate C. Montgomery a mortgage for $500 on said property due February 1, 1913, and also a commission mortgage thereon for $50 to William T. Souder to secure five promissory notes of $10 each, payable February 1, 1909–10–11–12 and 13 respectively, which commission mortgage is subject to the $500 mortgage aforesaid. On March 2, 1908, Solberg executed and delivered a third mortgage to the Bingenheimer Mercantile Company to secure the sum of $150, and on April 9, 1908, he executed and delivered to Wm. H. Brown a fourth mortgage for $400, under the lien of which latter mortgage Brown asserted his right to redeem. All of such mortgages were duly recorded, and no question arises as to the validity thereof, nor as to the priority of the liens on the premises involved, according to the dates of their execution, as above mentioned.

On February 26, 1910, the Bingenheimer Mercantile Company mortgage was duly and legally foreclosed, and the plaintiff and appellant became the purchaser at the sale, to whom a sheriff's certificate of sale was duly issued; the amount bid and for which the premises were sold was $228. On February 13, 1909, the Souder mortgage was assigned to appellant, and he was the owner and holder thereof at the time of Brown's redemption under the fourth mortgage; and it is appellant's contention that, in order to effect a valid redemption, Brown should have paid the amount due on the Souder mortgage.

While the statutory provisions governing this case are somewhat ambiguous, and do not clearly reflect the legislative intent, we are agreed that the construction adopted by the trial court is correct, and the judgment must therefore be affirmed. While the language of the statute, when literally construed, lends support to appellant's contention, we are constrained to hold, for reasons which we will hereafter briefly state, that such construction would do violence to the evident purpose and object of the legislature, which was that the debtor's

property, as far as possible, shall go toward the payment of his debts to the full extent of its value.   McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 118 N. W. 453; Bridgeport v. Blinn, 43 Conn. 274.   To such end, the redemption statute, which is remedial in its nature and purpose, should be given a liberal construction in order to effectuate the beneficent purpose and object of the legislature.   The construction contended for by appellant would tend to frustrate rather than effectuate such legislative purpose.

The statutory provisions applicable to the case, and which we are called upon to construe, are the following:

Sections 7139 and 7140 relate to redemptions from execution sales and are as follows:

"Sec. 7139.   Property sold subject to redemption, or any part sold separately, may be redeemed in the manner hereinafter provided, by the following persons, or their successors in interest:

"1. The judgment debtor or his successors in interest.

"2. A creditor having a lien by judgment, mortgage, or otherwise on the property sold or on some share or part thereof, subsequent to that on which the property was sold.

"The persons mentioned in the second subdivision of this section are in this chapter termed redemptioners."

"Sec. 7140. The judgment debtor or redemptioner may redeem the property from the purchaser within one year after the sale, on paying the purchaser the amount of his purchase, with 12 per cent interest thereon, together with the amount of any assessment or taxes which the purchaser may have paid thereon after the purchase, and interest at the same rate on such amount; and if the purchaser is also a creditor, having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest."

And § 6141 found in the chapter on liens in general in the Civil Code is as follows:

"Every person having an interest in property, subject to a lien, has a right to redeem it from the lien, at any time after the claim is due and before his right of redemption is foreclosed."

Section 7465 relates to redemptions from mortgage foreclosure sales, and reads as follows:

"The property sold may be redeemed within one year from the day of sale, in like manner and to the same effect as provided in chapter 12 of this Code for redemption of real property sold upon execution, so far as the same may be applicable, by:

"1. The mortgagor or his successor in interest in the whole or any part of the property.

"2. A creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold. Such creditor is termed a redemptioner, and has all the rights of a redemptioner under that chapter. And the mortgagor and his successor in interest has all the rights of the judgment debtor and his successor in interest as provided therein."

When we construe such statutes with a view of ascertaining the legislative intent, we are forced to the conclusion that the provision in § 7140, to the effect that if the purchaser is also a creditor having a prior lien to that of the redemptioner, the latter must pay the amount of such lien with interest; and that the provision in § 7141, requiring a redemptioner, in redeeming from another redemptioner, to pay the amount of any liens held by such last redemptioner prior to his own with interest, excluding the judgment on which the property was sold,— were intended to require the person redeeming to pay to the purchaser or prior redemptioner those liens only which are affected by the foreclosure sale. In other words, such provisions were meant to cover only such liens as constitute the holder thereof a redemptioner as defined in § 7139, and which liens would otherwise be cut off by the issuance of a sheriff's deed. Liens prior to the one under which the sale was made are, of course, in no manner affected by such sale, and the holders thereof need no such legislative protection. Why should the person redeeming be required to pay such prior liens if perchance it happens that the person from whom such redemption is made is the holder thereof, when he is not required to pay the same when held by someone else? A construction requiring such payment would enable the holder of a first mortgage which has a long time to run, to become the purchaser at the sale under a junior lien, and thus compel the debtor or redemptioner to pay such first mortgage in order to effect a legal redemption from

the sale under the junior mortgage. This might work a manifest hardship and injustice in many cases without any corresponding benefit to anyone. The legislative purpose, no doubt, was to obviate the necessity of requiring the person from whom the redemption is made, in order to protect his liens which are subsequent to the one under which the sale was made but prior to that of the redemptioner, to go through the useless ceremony of redeeming back from the person who had just redeemed from him. But, as before stated, no such purpose would apply to liens in no way affected by the sale; because of priority to the liens under which the sale was made. As to such liens the holder could not redeem if he desired to do so, as he is not a redemptioner under the Code.

It follows that the judgment appealed from is correct, and the same is accordingly affirmed.