# JOHN O'LEARY v. F. W. SCHOENFELD, the Dayton-Clark Land Company, Emma Tipple, and Maria R. Tipple.

## (152 N. W. 679.)

**Mortgage sale — first-mortgage foreclosure — second-mortgage purchaser — redemption by third mortgagee — amount necessary to tender or pay.**

1. Where a second mortgagee purchases at the sale under a foreclosure by the first mortgagee, a third mortgagee whose mortgage expressly states that it is given subject to such second mortgage must, in order to redeem from such purchaser, not only pay the amount of his purchase with 12 per cent interest, together with the amount of any assessments or taxes which such purchaser may have paid thereon after the purchase and interest at the same rate on such amount, but must also pay the amount of the second-mortgage lien with interest, and a tender to the sheriff of the mere amount of the purchase, with interest, which is not consented to or accepted by the second mortgagee, will not affect a redemption under § 7754, Compiled Laws of 1913, even though the second mortgage may not yet be due.

**Redemptioners — purchasers — law relating to.**

2. Section 7756, Compiled Laws of 1913, applies merely to redemptioners, and not to purchasers.

**Adverse claims — action to determine — plaintiff's title — must recover upon.**

3. In an action to determine adverse claims, the plaintiff must recover upon the strength of his own title, and the failure to show such title will be fatal to his action.

**General denial — puts plaintiff's title in issue.**

4. A general denial which is filed in an action to determine adverse claims in which the plaintiff alleges title in fee in himself puts in issue such title.

**Mortgage — naming adjoining county in — erroneous — section — town — range — correctly stated — mortgage valid.**

5. The erroneous insertion in a mortgage of the name of an adjoining county will not invalidate the instrument where the section, township, range, and state in which the land is located are correctly stated.

**Courts — judicial notice — location of land — will take of — where section, town and range are stated correctly — wrong county.**

6. The courts will take judicial notice of the location of land which is de-

---

Note.—As to description of property in mortgage, see note in 137 Am. St. Rep. 252.

As to judicial notice of boundaries and localities, see note in 82 Am. St. Rep. 439.

scribed in an instrument, and in so far as the county is concerned, provided the section, township, range, and state are correctly stated therein, even though the wrong county is mistakenly inserted.

**Depositions — taking — presumption of regularity — motion to suppress — absence of prejudice — denied.**

7. There is a presumption in favor of the regularity of taking depositions and of the proper performance of duty by the officer taking them, and a motion to suppress a deposition should generally be denied where no prejudice is shown which arises from the defect complained of.

**"Transmit" — relating to depositions — clerk of court — law — satisfied by any means chosen by officer.**

8. The word "transmit" as used in § 7900 of the Compiled Laws of 1913, and in relation to the transmission of depositions by the officer taking them to the clerk of the district court of the county in which the action is pending, does not mean the personal carrying by the officer, nor necessarily the sending through the mails, but is satisfied by any means selected by such officer which will secure the safe transfer of the document without its being tampered with by anyone.

**Discretion of court — abuse of — motion to suppress — denial of — deposition carried to clerk — by attorney — seal unbroken — fraud — mutilation — no evidence of.**

9. A court does not abuse its discretion which refuses to suppress a deposition for the mere reason that it was carried to the clerk of such court by one of the attorneys interested in the case, and where the evidence shows that such deposition was addressed and sealed and promptly delivered and that when delivered to such clerk such seal was unbroken, and where there is no evidence whatever or attempt to show that said deposition has been changed or mutilated in any manner.

Opinion filed April 29, 1915.

Appeal from the District Court of Mercer County, *Nuchols,* J.

Action to determine adverse claims to real property. Judgment of dismissal. Plaintiff appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an action to quiet title to a half section of land in Mercer county, North Dakota. A judgment was entered dismissing the complaint, and a trial *de novo* is requested. The original owner of the half section appears to have been one J. H. Babcock. On the 15th day of

August, 1907, Babcock mortgaged the land to A. D. Clark & Company to secure the payment of a debt of $1,280. This mortgage was recorded on the 21st day of February, 1908. On the 22d day of August, 1907, the said Babcock conveyed the land to the Dayton-Clark Land Company, a corporation, and this deed was also recorded on the 21st day of February, 1908. On the 26th day of April, 1909, the Dayton-Clark Land Company deeded the land to one Richard Champion, who assumed and agreed to pay the A. D. Clark & Company mortgage before mentioned. This deed was recorded on the 9th day of March, 1910. On the same day the said Champion mortgaged the land to the said Dayton-Clark Land Company to secure the payment of two notes of $800 and $144 respectively, due April 26, 1911, and also to secure the payment of two notes for $800 and $96 respectively, due April 26, 1912, which mortgage was recorded on the 6th day of April, 1910. On the 3d day of March, 1910, the said Richard Champion again mortgaged the land to the Empire Land Company to secure the payment of the sum of $354, which mortgage was recorded on the 25th day of April, 1910, and recited the mortgage before given by J. H. Babcock to A. D. Clark & Company for $640 and the mortgage from the said Richard Champion to the Dayton-Clark Land Company for $1,600. On the 14th day of October, 1910, the said Richard Champion deeded the land free of all encumbrances to one Edith Smith, and this deed was recorded on October 17, 1910. Later the original mortgage which was given on the 15th day of August by the original owner, J. H. Babcock, to A. D. Clark & Company, was foreclosed by advertisement, and the land sold on January 4, 1911, to the Dayton-Clark Land Company for the sum of $772.35, and a certificate issued to the said Dayton-Clark Land Company, which was recorded on the 9th day of January, 1911. Later and on the 21st day of February, 1911, Edith Smith, the purchaser from Richard Champion, the purchaser from the Dayton-Clark Land Company, the purchaser from J. H. Babcock, deeded the land to the defendant, F. S. Schoenfeld, "subject to mortgages of $2,600," although there was no express assumption thereof, and this deed was recorded on the 18th day of April, 1911. Later still, and on the 12th day of April, 1911, the said Schoenfeld and wife deeded the northeast quarter of said section to the defendant Emma Tipple, and the southeast quarter to the defendant Maria R. Tipple, which deeds were recorded on the 18th

day of April, 1911, and both of which deeds were subject to "a certain mortgage of $1,300," which the grantee assumed and agreed to pay. Prior to these conveyances to Edith Smith and to F. W. Schoenfeld, namely, on March 26, 1910, the Empire Land Company assigned to the Moody County Bank the mortgage given by the said Richard Champion to the said Empire Land Company on the 3d day of March, 1910, which assignment was recorded on April 25, 1910. Later and on the 4th day of January, 1912, the Moody County Bank, as assignee of such mortgage, paid to the sheriff of Mercer county the sum of $889.73, being the amount for which said land was sold under the foreclosure of the mortgage made by J. H. Babcock to A. D. Clark & Company, with interest thereon, and the fees of said sheriff for executing the certificate of redemption, said payment being made for the purpose of redeeming from the foreclosure sale to the Dayton-Clark Land Company, which was on that date the holder of the sheriff's certificate under the foreclosure and also owner and holder of the mortgage for $1,600 given by said Richard Champion to the said Dayton-Clark Land Company, no part of which had been paid, and which mortgage was prior in execution and record to the mortgage held by the said Moody County Bank, as assignee of the Empire Land Company, and under which the Moody County Bank sought to redeem, having been made prior to the said mortgage to the Empire Land Company, and said last mortgage being also by its express terms subject thereto. No other offer was made to pay the amount of said mortgage of $1,600, nor tender made either to the sheriff or to the owner of such mortgage, nor was the amount which was paid ever paid by the sheriff to the Dayton-Clark Land Company. It is shown, however, that such mortgage of $1,600 was not entirely due at the time of the attempted redemption by the Moody County Bank, but one note thereof of $800 was due and payable on April 26, 1912.

The sheriff, however, executed and delivered a certificate of redemption to the Moody County Bank, reciting the payment of the said sum of $889.73, and this certificate was recorded on January 4, 1912. The money received, however, seems never to have been paid by the sheriff to the Dayton-Clark Land Company, nor to have been tendered to them, and is still in the possession of the sheriff. Later and on the 15th day of February, 1912, the Dayton-Clark Land Company, without any

actual notice of said payment by the Moody County Bank, assigned to the defendant F. W. Schoenfeld, for a valuable consideration, the sheriff's certificate of sale, executed by the sheriff on the 4th day of January, 1911, and on the foreclosure sale of said land to the Dayton-Clark Land Company of the mortgage from J. H. Babcock to A. D. Clark & Company, together with a written assignment of the mortgage on said land given by said Richard Champion to the Dayton-Clark Land Company on the 26th day of April, 1909. Later and on the 14th day of February, 1912, the said sheriff executed and delivered to the said defendant F. W. Schoenfeld, a sheriff's deed to said land based on the certificate of sale issued to the Dayton-Clark Land Company, and by it assigned to the defendant F. W. Schoenfeld. This was recorded on the 20th day of February, 1912. Later and on the 27th day of May, 1912, the sheriff executed and delivered another deed to the said Moody County Bank, based on its payment to said sheriff of the $889.73 aforesaid, as a redemptioner, and on the 23d day of September, 1912, the Moody County Bank deeded the said land to the plaintiff, John O'Leary, who brought this action to quiet title, and who appears to have paid the taxes for the year 1911. The trial judge rendered a judgment decreeing that the plaintiff had no estate or interest in, nor lien nor encumbrance in, said land, and dismissing the plaintiff's action. From this judgment an appeal is taken, and a trial *de novo* is asked.

*Rice & Benson* and *C. B. Craven,* for appellant.

In an action to quiet title, where plaintiff has proved in himself a good record title, it is incompetent for defendant to prove title in a third person, and thereby attempt to defeat plaintiff's title, where the evidence is silent as to possession. Gibson v. McGurrin, 37 Utah, 158, 106 Pac. 669.

A defendant cannot maintain a defense against a prima facie good title, without showing in himself some interest in the subject-matter of the action. To hold otherwise would not only be absurd, but dangerous, and contrary to all well-considered authorities. Inman v. White, 21 Colo. App. 427, 122 Pac. 65.

Appellant, by his grantor, redeemed and has proved in himself a good record title, and as against one who has not in any manner shown himself interested in the title, or in the land, this is sufficient. He need not

prove in himself an indefeasible title. Webster v. Kautz, 22 Colo. App. 111, 123 Pac. 139; Empire Ranch & Cattle Co. v. Bender, 49 Colo. 522, 113 Pac. 494.

Neither the existence of a relation of trust between the parties, nor title in a third person, is a good defense. If defendant has no title, he cannot question that of plaintiff. Los Angeles County v. Winans, 13 Cal. App. 257, 109 Pac. 650; Empire Ranch & Cattle Co. v. Bender, 49 Colo. 522, 113 Pac. 494; Cramer v. McCann, 83 Kan. 719, 37 L.R.A.(N.S.) 108, 112 Pac. 832.

Defendant being without any title to the land, which is not in the possession of anyone, is not in position to question plaintiff's title. Horner v. Jarrett, 99 Ark. 154, 137 S. W. 820; Maynor v. Tyler Land & Timber Co. 236 Mo. 722, 139 S. W. 393.

By defendant's general denial, he denied plaintiff's claim of title, or that he was the owner in fee simple; but defendant also denied that he himself had any claim, title, or interest in the land hostile to plaintiff. Therefore, defendant cannot be injured by a judgment in plaintiff's favor. Gilchrist v. Bryant, 213 Mo. 442, 111 S. W. 1128; Larson v. Christianson, 14 N. D. 476, 106 N. W. 51; Brown v. Comonow, 17 N. D. 84, 114 N. W. 728; Donohue v. Ladd, 31 Minn. 244, 17 N. W. 381.

Defendant can neither question the redemption proceedings, because he has no interest in the land. The sheriff is not the agent of the holder of the sheriff's certificate to the extent that he can waive irregularities in the redemption proceedings, but he is his agent to the extent that such holder is bound by his acts unless expressly disaffirmed. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A. (N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453.

A redemptioner who permits the statutory time of redemption to elapse without any effort to redeem is barred from challenging the regularity of a former redemption. McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281; MacGregor v. Pierce, 17 S. D. 58, 95 N. W. 281.

Depositions not sealed up and indorsed with the title of the cause and the name of the officer taking them, and transmitted to the clerk of the proper court, but carried to such clerk by the attorney in the case, in the form of typewritten sheets, must be suppressed on motion. Rev. Codes 1905, § 7282, Comp. Laws 1913, § 7900; North Dakota Horse & Cattle Co. v. Serumgard, supra.

No notice of subsequent lien was filed and served. Such must be done before such lien can be included in a redemption proceeding. Styles v. Dickey, 22 N. D. 515, 134 N. W. 702.

A redemption from the purchaser at a sheriff's sale, and the issuance thereon of a certificate of redemption, is equivalent to an assignment of the certificate of sale. The converse of this rule is also true. Bagley v. Ward, 37 Cal. 121, 99 Am. Dec. 256; White v. Costigan, 134 Cal. 33, 66 Pac. 78.

Respondents are now estopped to come in and attempt to avoid the effect of their own solemn contract and the agreement to pay these mortgages. Connor v. Howe, 35 Minn. 518, 29 N. W. 314; Yerkes v. Hadley, 5 Dak. 331, 2 L.R.A. 363, 40 N. W. 340.

One who is liable to pay an encumbrance on account of which a sale is made cannot build up an additional title on his own default. His purchase at such sale would only operate as a payment of the encumbrance. Maxfield v. Willey, 46 Mich. 252, 9 N. W. 271; Allison v. Armstrong, 28 Minn. 276, 41 Am. Rep. 281, 9 N. W. 806; Birke v. Abbott, 103 Ind. 1, 53 Am. Rep. 474, 1 N. E. 485; Smith v. Gaub, 19 N. D. 337, 123 N. W. 827; Franklin v. Wohler, 15 N. D. 613, 109 N. W. 56.

Where a proper redemption is made by the debtor or mortgagor, the effect of the sale is terminated, and he is restored to his estate. Work v. Braun, 19 S. D. 440, 103 N. W. 764.

Appellant, having paid in full the lien of the sheriff's certificate of sale, is entitled to be subrogated to the rights of the holder of the certificate. Rev. Codes 1905, § 6142; Comp. Laws 1913, § 6718; MacGregor v. Pierce, 17 S. D. 58, 95 N. W. 281.

A defense available to one person, or to one certain class of persons, is not available to others, indiscriminately. First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999.

*C. F. Lamb,* and *Oliver Leverson,* for respondent.

The judgment debtor or redemptioner may redeem the property sold within one year from sale on paying the purchaser the amount of his purchase with 12 per cent interest, and assessments and taxes paid after purchase, with such interest.

If the purchaser is also a creditor, having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made, the redemptioner must also pay such prior lien, and interest.

State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 455; Leverson v. Olson, 25 N. D. 624, 142 N. W. 917; 25 Am. & Eng. Enc. Law, 2d ed. 8477; Boyle v. Dalton, 44 Cal. 332, and citations; Gilchrist v. Comfort, 34 N. Y. 235; 2 Freeman, Executions, 3d ed. § 320, note 161; Knight v. Fair, 9 Cal. 117; Rosekrans v. Hughson, 1 Cow. 428; Case v. Fry, 91 Iowa, 132, 59 N. W. 333; People ex rel. Rice v. Ransom, 2 Hill, 51; Vandyke v. Herman, 3 Cal. 295; Jones v. Langhorne, 3 Bibb, 453; People ex rel. Austin v. Fralick, 12 Mich. 234; Grigg v. Banks, 59 Ala. 311.

In an action to determine adverse claims, the plaintiff must recover upon the strength of his own title, and a failure to show ownership will be fatal to plaintiff's action. In such an action a general denial puts in issue plaintiff's title. Larson v. Christianson, 14 N. D. 476, 106 N. W. 51; Hebden v. Bina, 17 N. D. 235, 138 Am. St. Rep. 700, 116 N. W. 85; Ottow v. Friese, 20 N. D. 86, 126 N. W. 503; Conrad v. Adler, 13 N. D. 199, 100 N. W. 722; Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; Youker v. Hobart, 17 N. D. 296, 115 N. W. 839; Young v. Engdahl, 18 N. D. 166, 119 N. W. 169; Morse v. Pickler, 28 S. D. 612, 134 N. W. 809.

It is only after plaintiff has shown a right in himself that defendant's title becomes material. State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692; McGinnis v. Wheeler, 26 Wis. 655.

The courts of this state take judicial notice of the location of lands, where the section, town, and range are given, and the mere misnomer of the county will not nullify the instrument. Civil Code, Subdivs. 15, 30, 49, § 7319.

Bruce, J. (after stating the facts as above). The main question which is presented to us for determination is this: A. D. Clark & Company, holder of a $640 first mortgage, foreclosed, and the Dayton-Clark Land Company, holder of a second mortgage for $1,600, purchased at the sale for $732.35. Later the plaintiff's grantor, the Moody County Bank and the holder of a third mortgage, which by its terms was subject to the first and second mortgages before mentioned, attempted to redeem from the Dayton-Clark Land Company, without

paying or offering to pay in addition to the sum called for by the sale and amounting to $889.73, the sum of $1,600 and interest, the amount of the Dayton-Clark Land Company second mortgage. It is admitted that part at least of this $1,600 mortgage was not at the time due. It is also admitted, however, that no tender of any amount of said mortgage was either made to the sheriff or to the Dayton-Clark Land Company. Was such redemption effectual as against the holder of a sheriff's deed, which was afterward issued to the said Dayton-Clark Land Company, and as against the subsequent grantees of said company, a sheriff's deed having been first issued to the Dayton-Clark Land Company and later another sheriff's deed to the Moody County Bank? We think it was not. The statute indeed seems to be very clear upon the subject, and as the Dayton-Clark Land Company was a purchaser at a sheriff's sale, and not a redemptioner under a lien, the case is in no way limited by the decisions of this court in cases where the rights of redemptioners have been considered. Section 7140, Rev. Codes 1905, being § 7754, Comp. Laws 1913, provides: "The judgment debtor or redemptioner may redeem the property from the purchaser within one year after the sale, on paying the purchaser the amount of his purchase, with 12 per cent interest thereon, together with the amount of any assessment or taxes which the purchaser may have paid thereon after the purchase and interest at the same rate on such amount; and if the purchaser is also a creditor, having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest."

We find nowhere in the statute which relates to the rights of a redemptioner as against a *purchaser* any provision which requires the purchaser, who as a creditor has other liens at the time of his purchase, to file any notice of such liens such as is required by § 7756, Comp. Laws 1913, where the person sought to be redeemed from is a redemptioner, but not a purchaser.

The Moody County Bank also must be presumed to have had notice of the lien of the second mortgage, which was held by the Dayton-Clark Land Company, as the third mortgage, under which it sought to redeem, was expressly given subject thereto, and the second mortgage was also of record.

The purpose of the statute seems to be clear. "The legislative pur-

pose, no doubt, was to obviate the necessity of requiring the person from whom the redemption is made, in order to protect his liens, which are subsequent to the one under which the sale was made, but prior to that of the redemptioner, to go through the useless ceremony of redeeming back from the person who had just redeemed from him." Leverson v. Olsen, 25 N. D. 624, 142 N. W. 917.

It is quite clear that the only right that the Moody County Bank had to redeem was a statutory right. See State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 455, 456. The conclusion is inevitable that when appellant's grantor, the Moody County Bank, paid only the amount of the face of the certificate of sale and interest and fees, and omitted to pay or tender the amount due on the $1,600 mortgage held by the Dayton-Clark Land Company, it failed to make an effective redemption, and consequently its certificate of redemption and sheriff's deed based thereon are null and void. 3 Freeman, Executions, 3d ed. § 320; Vandyke v. Herman, 3 Cal. 295; Knight v. Fair, 9 Cal. 117.

But it is claimed that the judgment of a dismissal was erroneous because the defendants have failed to show title in themselves, and the question is asked: "Where, in an action to quite title, plaintiff has proved in himself a good record title, carrying with it the presumption of actual possession, is it competent for a defendant, without showing the slightest interest in himself in the premises in controversy, to prove title in a third person in which he is in no manner in privity, and thereby attempt to defeat plaintiff's title?" We fail, however, to see that the defendants have failed to show any interest or title in themselves, or that the answer fails to allege the same, and refer merely to the statement of facts and to the chain of title therein set forth as being conclusive on this proposition. The action, too, is one to determine adverse claims in which the plaintiff positively asserts title in fee simple in himself, and the answer includes a general as well as a specific denial to the allegations of the complaint. It is elementary that, in an action to determine adverse claims, the plaintiff must recover upon the strength of his own title, and that the failure to show such title will be fatal to his action. It is also clear that a general denial in such an action puts plaintiff's title in issue. See Larson v. Christian-

son, 14 N. D. 476, 106 N. W. 51; Hebden v. Bina, 17 N. D. 235, 138 Am. St. Rep. 700, 116 N. W. 85, 87.

"The difficulty with the plaintiff's case," says the supreme court of Wisconsin, in McGinnis v. Wheeler, 26 Wis. 651, 655, "is, that the defendant has the first chance to apply that rule, having proved to the satisfaction of the court below, and of this court, that the plaintiff had no title, and the burden being on her to show title in order to maintain the action, she becomes the first victim of the rule that one without a title" has no right to possession.

The question, indeed, is not raised by the record. Defendants are not here seeking to defeat plaintiff's title by proof of such title in a third person. They are merely seeking to show that the plaintiff never at any time had any title in the land at all. They seek to show, and have shown, this by proving that plaintiff's title could only be based upon a redemption from the purchaser at a prior mortgage sale to the Dayton-Clark Land Company, and that no such redemption has ever been made or accepted by the said company.

We think there is no merit in the contention that there is no evidence in the record that the Dayton-Clark Land Company's second mortgage was not paid at the time of the attempted redemption by the plaintiff's grantor. The action is brought, and the relief is sought, not by the defendant, but by the plaintiff. The complaint asserts a title in fee simple. This is denied by the answer. The sheriff's deed to Schoenfeld, the grantor of the defendants Tipple, is prior to that issued to the plaintiff's grantor, the Moody County Bank. The record also shows that the mortgage to the Dayton-Clark Land Company was of record, and still is of record, and is mentioned and assumed in the subsequent conveyances. It is also specifically mentioned as an encumbrance in the plaintiff's exhibit "L," which is a mortgage from Richard Champion to the Empire Land Company, which mortgage is taken subject thereto. The mortgage is put in evidence, and it would seem that the burden of proving payment, if any there was, would be upon the plaintiff. There is, too, to be found in the record, a letter from the attorneys for the plaintiff to one of the defendants, which practically concedes the nonpayment of the lien.

Nor do we see any merit in the objection that the second mortgage to the Dayton-Clark Land Company "shows upon its face that the

land mortgaged was not in Mercer county, North Dakota, and in no manner affects the land in suit." The mortgage, in addition to stating the county, positively gives the section, township, and range. Subdivision 14 of § 7319, Rev. Codes 1905, being § 7938, Compiled Laws of 1913, provides that the courts of North Dakota shall take judicial notice "of the limits of the county and the fact that a place proved was within such limits." Subdivision 15 of the same section provides that such courts shall take judicial notice "of the lines of the counties." Subdivision 30 of the same section provides that the courts shall take judicial notice "of whatever ought to be generally known within the limits of the court's jurisdiction." Subdivision 49 of the same section provides for like judicial notice "of the government surveys and the legal subdivisions of public lands."

Under these rules the court must take judicial notice that section 11, township 144, range 85, is in Mercer county, and not in Oliver county, and hence the second mortgage was properly recorded in Mercer county. The recording of this mortgage was notice to the appellant, and to his grantor, and sufficient to put them on inquiry.

Objection is made to the introduction in evidence of the deposition of Charles Lamb, for the reason stated on the trial, "that said deposition was not sealed up and indorsed with the title of the cause and the name of the officer taking the same, and was not subscribed, authenticated, and transmitted as provided by the laws of this state," and to the introduction of the deposition of the witness Joseph W. Hobbins, for the reason that "the said deposition was not sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court, as provided by § 7282, Rev. Codes 1905 (§ 7900, Comp. Laws 1913), and the Code of Civil Procedure of the state of North Dakota, that said deposition is not certified, indorsed, subscribed, and transmitted as provided by the laws of the state, and is not authenticated as provided by law." It is contended in appellant's brief that "these so-called depositions were not sealed up and indorsed with the title of the cause and the name of the officers taking the same, and were not by such officers addressed and transmitted to the clerk of the district court of Mercer county, North Dakota, in which court the said action was pending. They were at no time under seal, but on the contrary, Mr. Lamb, the attorney for re-

30 N. D.—25.

spondents, carried these typewritten sheets, called depositions, in his pocket, and handed them to the clerk," and reference is made to § 7282, Rev. Codes 1905, being § 7900 of the Compiled Laws of 1913, in which it is provided that "a deposition so taken shall be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the district court of the county in which the action or proceeding is pending, if the same is pending in the district court; otherwise to the court, officer, or tribunal in which the action or proceeding is pending. It shall remain under seal until opened by order of the court, officer, or tribunal, or at the request of a party to the action or proceeding, or his attorney." The trial court in a memorandum opinion made the following statement: "Before the trial, Rice & Benson, attorneys, appearing for plaintiff, filed written exceptions to the depositions of Joseph W. Hobbins and Charles F. Lamb, and filed written motion to suppress both of said depositions. The exceptions to said depositions were that they were not indorsed with the title of the cause by the notary before whom they were taken, and were not addressed to the clerk of the district court of Mercer county, North Dakota, and no indorsement of the filing of the same by the clerk of court appeared on the envelop containing same, and as to the deposition of said Charles F. Lamb, the further exception that he was present in person before the court. The clerk of court and said Charles F. Lamb testified orally as to the depositions, and it appears therefrom that the depositions, when taken pursuant to the notice attached and a stipulation by counsel for plaintiff, were placed in an envelop, sealed and delivered to the said Charles F. Lamb, who is attorney for the defendants Tipple, and were by him carried to and delivered to the clerk of court on the day before the trial, and had not been opened, altered, or interfered with in any way. The envelop containing the depositions contained no indorsement, by the notary taking the depositions, of the title of the case, or of the fact that it contained depositions in the case, and was not addressed to the clerk of court, and contained no indorsement of filing by the clerk of court. The court is fully satisfied that the depositions are the identical depositions that were taken on notice to counsel for plaintiff, and with their consent, and that they have not been tampered with in any way, and therefore denied the motion to suppress the depositions; but refused to allow the use of the deposition

of the said Charles F. Lamb, and he testified as a witness concerning the subject-matter contained in his deposition. The court is firmly of the opinion that the statute with reference to the sealing, indorsing, and transporting of depositions is only directory, and for the purpose .of preserving the identity of the deposition, and to prevent fraud by altering the deposition. F. A. Patrick & Co. v. Nurnberg, 21 N. D. 377, 131 N. W. 254."

This finding of the trial court is abundantly sustained by the testimony of both the witness Lamb and by the clerk of the court, and the only criticism that can be offered is the fact that the depositions were carried to North Dakota by the attorney for the defendants, and not sent through the mail or by a special messenger.

We are of the opinion, also, that the trial court did not err in its ruling. There is a presumption in favor of the regularity of taking depositions and the proper performance of duty by the officer taking the same; and a motion to suppress a deposition should generally be denied where no prejudice is shown which arises from the defect complained of. F. A. Patrick & Co. v. Nurnberg, 21 N. D. 377, 131 N. W. 254. The word "transmit" does not mean the personal carrying by the notary, nor necessarily the sending through the mails, but is satisfied by any means selected by the notary which will secure the safe transfer of the document without its being tampered with by any one. Davies v. New Castle & L. R. Co. 71 Ohio St. 325, 73 N. E. 213, 216; 4 Words & Phrases, 2d Series, 985. The presumption of the performance of duty would lead to the presumption that the witness Lamb was the agent for the transmission of the document, who was appointed by the notary. The proof is positive that the seals were unbroken when received by the clerk, and there is no pretense that the depositions were in any way tampered with, or were in any way different from those taken by the notary public. This being the case, we think that no error was committed in allowing them to be introduced in evidence. Waterman v. Chicago & A. R. Co. 82 Wis. 613, 52 N. W. 247, 1136; Burrall v. Andrews, 16 Pick. 551; Spear v. Richardson, 37 N. H. 23; Veach v. Bailiff, 5 Harr. (Del.) 379. We may also add that the witness Lamb testified orally, and his deposition was therefore not used; while the deposition of the witness Hobbins was at the most cumulative, and the

material facts,. which are sought to be established thereby, are abundantly proved by the remainder of the record.

The·case is not dissimilar to one where a judge hands his findings of fact and conclusions of law and order for judgment to one of the attorneys in the case to be filed for him, and which is done every day, although the statute, if technically construed, makes it the judge's duty to file these documents himself. We are not required to believe that our long-honored profession has sunk so low that an attorney who is both an attorney and an officer of the court cannot be trusted with the duty of carrying a sealed package to the clerk of the court, even though he may happen to have some interest in its contents. There is, as we have before said, no pretense or claim of any change in or mutilation of the depositions, or that the seal was broken when presented to the clerk, nor is there any proof of any misconduct on the part of the messenger whatever. This court has expressly held "that the exception to a deposition which is made on strictly technical grounds should not be sustained in the absence of any showing of prejudice." We fail to see how the method of transmission which was adopted in any way prejudices the plaintiff in this case. Ueland v. Dealy, 11 N. D. 529, 89 N. W. 325.

The judgment of the District Court is affirmed.