## No. 11,561.

### PRICE v. PRICE.

Decided October 4, 1926.

Proceeding in contempt for failure to pay alimony. Defendant adjudged guilty of contempt.

### *Reversed.*

### *On Application for Supersedeas.*

1. .DIVORCE AND ALIMONY—*Alimony—Laches.* A proceeding in contempt for failure to pay alimony instituted after a lapse of fifteen years from the date of the decree in the action for divorce, so far as concerns alimony for the support of the wife, must fail on account of laches of the wife.

2.        *Alimony—Minor Child—Laches.* Where a divorced wife for a long period of time supported the minor child of herself and divorced husband without receiving or claiming the alimony adjudged her for its support, there being no sufficient cause shown for her delay in attempting to enforce payment, the doctrine of laches applies, and a judgment of contempt against defendant for failure to pay the alimony is reversed.

3.        *Alimony—Security—Ne Exeat.* The writ of ne exeat is not a form of security for the payment of alimony within the meaning of section 5599, C. L. '21.

*Error to the County Court of Pueblo County, Hon. Frank G. Mirick, Judge.*

Mr. GEORGE B. CAMPBELL, for plaintiff in error.

Messrs. DANFORTH & KAVANAGH, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon an application for super-sedeas to supersede a judgment whereby plaintiff in error was adjudged guilty of contempt for failure to pay accrued instalments of permanent alimony. Other matters, hereinafter mentioned, are sought to be reviewed upon this writ of error.

The plaintiff in error was the defendant in an action for divorce which on June 11, 1910, resulted in a decree granting a divorce to plaintiff below and awarding her the custody of a minor child of the parties. The decree also provided that defendant pay to plaintiff as alimony the sum of $25 per month for the support of herself and the minor child.

On December 28, 1925, the plaintiff, then residing at Seattle, Washington, filed, in the original case, a petition for citation for contempt and for a writ of ne exeat. The petition alleged ''that ever since the entering of said alimony order defendant has refused and still refuses to pay the same or any part thereof and nothing has ever been paid by defendant thereunder either for the support of plaintiff or said minor child, notwithstanding demand.''

On the hearing, the court limited plaintiff's recovery in this proceeding to what, it seems, the court regarded as recoverable for the use and benefit of the minor child. At the conclusion of the hearing, the court said: ''The court is going to apply $12.50 a month for the use and benefit of this child.''

The judgment afterwards entered provides that the plaintiff recover $1,875 for the use and benefit of J. Minor Price, Jr., the child. This seems to be an allowance of $12.50 per month for a period of twelve and a half years.

The plaintiff in error contends that the judgment in this proceeding should not have been rendered because of the laches of plaintiff below.

This proceeding in contempt, having been instituted after the lapse of more than fifteen years from the date of the decree in the action for divorce, so far as concerns alimony for the support of the wife only, plaintiff is barred by laches. 19 C. J. 298. No recovery was allowed to the wife, in this case, for her own benefit. The question is, however, whether plaintiff is barred by laches from recovering alimony solely for the support of the minor child. The defendant in error, plaintiff below, cites the doctrine that laches cannot be imputed to an infant, and also refers to the law relating to the support and maintenance of an infant. This does not solve the question. If, as in the instant case, the wife for a long period of time supports the child without receiving alimony, where the husband had been ordered to pay alimony for the support of the child, and she afterwards recovers the arrears of alimony, such recovery is her own recovery and not that of the child. The recovery amounts simply to a reimbursement of the wife. She is the one who reaps the benefit. For that reason the laches of the wife ought to be applied against her as in cases where an ordinary recovery of money is sought, or as in cases where the arrears in alimony relate to alimony for her own support.

We find no case similar to the instant case, but the expressions found in other cases are in accord with the views above indicated. Thus in *Ashby v. Ashby,* 174 Wis. 549, 183 N. W. 965, it appears that the lower court refused to punish a defendant for contempt, in a case of this kind, after there had been a delay of over forty years, but gave an ordinary judgment for the greater part of the arrears. In the opinion of the appellate court appears the following language:

"We can find little excuse for the plaintiff's long delay in asserting her rights under the judgment. Had she insisted upon her rights from time to time, the life of the defendant undoubtedly would have been so regulated as to make proper provision for the payment of this judgment. * * *.

"Under the circumstances we consider it inequitable to enforce the judgment as it now stands, and * * * would advise a revision and modification of this judgment, in view of the changed and altered circumstances now existing. * * *."

If it would be inequitable to enforce a judgment by ordinary means, it would be inequitable to do so by contempt proceedings.

In the English ecclesiastical courts the rule was very thoroughly established that arrears of alimony would not be enforced if they had accrued more than one year prior to the monition, without sufficient cause being shown for the delay. In one case (Wilson v. Wilson, cited in *Franck v. Franck,* 107 Ky. 362, 21 Ky. Law 1093, 54 S. W. 195) we find the following language: "Unless the husband is absent from the country, or some particular reasons are set forth, it would be productive of great inconvenience and injustice, if, after the lapse of so many years, the court should enforce such a monition. If the wife is aggrieved, she should make her application within a reasonable time; otherwise, the court will infer she has made some more beneficial arrangement. As a general rule, therefore, the court is not inclined to enforce arrears of many years' standing."

See *De Blaquiere v. De Blaquiere,* 5 Eng. Ecc. R. 126, 3 Haggard's Ecc. R. 322, and section 1098, vol. 2 Bishop, Marr., Div. & Sep.

The instant case shows no sufficient cause for plaintiff's long delay which would preclude the application of the doctrine of laches. On the other hand, there are facts, in addition to mere delay, which would appeal to the conscience of a chancellor to refuse to adjudge defendant guilty of contempt.

The evidence fails to show that plaintiff ever made demand upon defendant for any arrears of alimony. Plaintiff's petition itself alleged that plaintiff remarried on February 3, 1915. Her second husband died on June 15, 1921. The evidence shows that in July, 1923, she

married the third time. The minor child mentioned in the decree of 1910 was born May 17, 1908, and is now eighteen years of age.

For the reasons hereinbefore indicated, the court erred in adjudging defendant guilty of contempt.

Error is assigned to the court's refusal to discharge defendant from the writ of ne exeat. This assignment is well taken. The evidence is insufficient to hold defendant under that writ. This is not disputed, but counsel for plaintiff contend that the writ of ne exeat is a form of security under section 5599, C. L. 1921, which provides that the court "may require security" for the payment of alimony. There is no ground for holding a writ of ne exeat to be a "security" within the meaning of that section.

The judgment is reversed and the cause remanded with directions to dismiss the writ of ne exeat, set aside the judgment of contempt, and dismiss the proceeding.

MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE WHITFORD and MR. JUSTICE ADAMS dissent.