## Maude Kaifer, Appellee, v. Edward Kaifer, Appellant.

### Gen. No. 9,071.

434

Opinion filed September 3, 1936.

CLARENCE W. HEYL, of Peoria, for appellant; HUDSON RALPH SOURS, of counsel.

BARNES & MAGOON, of Lacon, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

In January, 1920, the parties hereto were divorced and the custody of a minor son, Harold, was awarded to the mother for nine months of each year and to the father for the three summer months. Subsequently, on January 20, 1921, the decree was modified in certain particulars and as modified directed the father to pay to the mother $15 per month during the nine months she had the custody of Harold, to be used and expended

by her for the care and support of said child and for his clothing and ordered said sum to be left by the father at the First National Bank of Henry for the use and benefit of the mother. On October 7, 1935, Mrs. Kaifer filed the instant petition, reciting the entry of the foregoing orders and charging that in June, 1925, the respondent ceased paying the monthly instalments and averring that there was due the petitioner $2,025, which sum the respondent wilfully refused to pay. The petition prayed for a rule on respondent to show cause why an attachment should not issue against him and that he be punished for contempt of court for his neglect and refusal to comply with the provisions of the former decree. A citation thereupon issued and on October 23, 1935, respondent filed herein his answer in which he admitted the entry of the order of January 20, 1921, but specifically denied that he had wilfully violated that order and averred that he had at all times endeavored in good faith to comply with the letter and spirit thereof and was not guilty of contempt of court; that after the entry of the order in January, 1921, he deposited $15 in the designated bank for the use and credit of his wife on the first of each month and continued so to do until October 1, 1926, and that from and after that date he paid more than the sum of $15 each month to his son for his needs and clothing and for his care and support; that no demand was made by petitioner on respondent after October 1, 1926, and respondent assumed that petitioner was satisfied with the payments respondent was then making. He specifically denied that he had ceased making monthly payments in June, 1925, and denied that the sum of $2,025 was due under the order of January, 1921. Upon the hearing, the respondent was granted leave to file an amendment to his answer, which averred that petitioner was guilty of laches in prosecuting her petition and that her claim was barred by either the five- or ten-

year statute of limitation. A hearing was had, resulting in an order finding that respondent should not be adjudged guilty of wilful contempt and discharging the rule previously entered against him to show cause. The chancellor further found from the evidence that payments under the former decree had been made by respondent to and including October 1, 1926; that on October 10, 1933, the minor child became of age and no payments had been made by respondent between October 1, 1926 and October 10, 1933, except a payment of $10 on December 9, 1926; that there was due and owing petitioner under said decree the sum of $15 per month for nine months of each year for seven years or a total of $945, less a credit of $202.65 for clothing furnished the son by respondent and less the said $10 paid by respondent on December 9, 1926, leaving a balance of $732.35, for which amount a money decree was rendered in favor of petitioner and against respondent. From this order the respondent has perfected this appeal.

It is first insisted by counsel for appellant that under the provisions of the Civil Practice Act every complaint must contain specific prayers for the relief to which the pleader deems himself entitled; that the prayer of the petition in the instant case was that a rule be entered requiring appellant to show cause within a reasonable time why an attachment should not be issued and he be punished for a contempt of court for his neglect and refusal to comply with the former decree; that instead of punishing defendant for contempt, the court found by the final order herein that defendant should not be adjudged guilty of wilful contempt and discharged the rule previously entered for him to show cause, but did render judgment against appellant and in favor of appellee for $732.35 and awarded an execution. In other words, as we understand counsel, the court under the prayer of the petition did have

jurisdiction and would have been authorized to make the findings it did and then order appellant committed to jail for a definite period or until he paid the amount so found due, but inasmuch as there was no specific prayer for a money judgment, the court was without jurisdiction to render that portion of the order appealed from. In our opinion, under the pleadings of the parties and the facts as they appear in this record, there is no merit in this contention. Appellee in her petition set forth the facts upon which she sought relief and averred that appellant had ceased making payments to her in June, 1925, and charged that there was due her from appellant the sum of $2,025, which she said he wilfully refused to pay. Appellant, by his answer, admitted certain allegations of the petition but denied that he had stopped making payments in June, 1925, denied that there was due her the amount she claimed, set forth new matter and insisted that he had not wilfully refused to pay appellee as provided in the decree of 1921 but had at all times endeavored in good faith to comply with its letter and spirit.

Section 34 of the Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 162, does provide that every complaint shall contain specific prayers for the relief to which the pleader deems himself entitled. It further provides: "except in case of default, the prayer for relief shall not be deemed to limit the relief obtainable but where other relief is sought, the court shall, by proper orders, and upon such terms as may be just, protect the adverse party against prejudice by reason of surprise." In the Historical and Practice Notes following this section in Smith-Hurd Ill. Anno. Stat., it is said that the former practice in equity of granting relief not specifically prayed for where the complaint contained a prayer for general relief and the allegations of the complaint and the proof supported such relief, is preserved by this section, whether or not the complaint

contains a general prayer for relief, and under the former practice a general prayer for relief was sufficient to support any order or decree warranted by facts alleged in the bill and established by the evidence. *Parker v. Gray,* 317 Ill. 468.

Counsel for appellant do not argue that appellee's claim against appellant is barred by any statute of limitation, but do insist that the evidence discloses that after the year 1925 appellee made no demand upon appellant for any sum that might be due her under the former decree and that therefore having acquiesced in appellant's failure to pay until she filed her petition herein in October, 1935, she is guilty of such laches as will preclude her from obtaining any relief. We have examined the Illinois cases cited and none of them sustain counsel's contention. Our attention is called to the case of *Price v. Price,* 80 Colo. 158, 249 Pac. 648. Counsel insist that the facts in this case are "on all fours" with the facts in the instant case. It appeared in the *Price* case that more than 15 years had elapsed from the time the original decree was rendered before the wife took any steps to enforce the provisions of the decree for the support of her child and the court there held that where the husband was ordered to pay alimony for the support of a minor child and the wife supports the child for such a long period without receiving alimony, her laches ought to be applied against her the same as where an ordinary recovery of money is sought. In *Chicago Medical School v. Wilson,* 341 Ill. 170, our Supreme Court said: "A court of equity will apply the doctrine to laches in denial of relief only where from all the circumstances to grant relief to which the complainant would otherwise be entitled will presumably be inequitable and unjust because of the delay." In the instant case appellant was directed by the decree of 1921 to pay to appellee each month the sum of $15 and to do so by leaving the same at the

First National Bank of Henry for the use and credit of appellee. Appellant did so, until October, 1926, and thereafter in December of that year he paid appellee $10 and at various times thereafter expended sums aggregating more than $200 for clothing for Harold. Harold became of age in October, 1933, and in less than two years thereafter, the instant petition was filed. This decree was a continuing order and we are unable to say that its enforcement is inequitable or unjust.

It is finally argued that the amount of the judgment is manifestly against the weight of the evidence, but wherein it is erroneous is not pointed out. We have read the record and it appears that the chancellor accepted appellant's testimony to the effect that he had paid the monthly requirement to and including October 1, 1926, and credited him with every expenditure which the evidence disclosed he made for the support and maintenance of Harold. In our opinion the chancellor's findings are sustained by the evidence and the order appealed from therefore should be affirmed.

On page 148 of the transcript of the record appears a notice of cross appeal by appellee. When, if ever, this notice was filed in the office of the circuit clerk does not appear from the record. It states that appellee appeals from that part of the order which denies her interest on the amount directed to be paid to her. On page 28 of the appellee's statement, brief and argument, being the concluding part of appellee's argument, counsel say that the trial court erred in refusing to require appellant to pay interest and stating that they had assigned cross errors to this effect. No other reference to this is found in any other part of appellee's statement, brief or argument. Rule 36 of the Supreme Court provides that no assignment of cross errors shall be necessary except the statement in the brief, at the conclusion of the statement of the case, as required in Rule 39 and Rule 39 provides how the

briefs of the respective parties should be prepared and where a statement of the errors and cross errors relied upon for reversal should appear. The rule followed in equity is to allow interest where warranted by equitable considerations and to refuse such allowance when it does not comport with justice. *Golden v. Cervenka,* 278 Ill. 409. Assuming that the question is properly presented for our consideration, we are unable to say that the holding of the chancellor was not in accordance with the equities of the case.

The order appealed from is affirmed.

*Order affirmed.*