No. 14,425.

PEOPLE EX REL. ROGERS, Attorney General *v.* COLORADO
NATIONAL BANK, Executor.

(90 P. [2d] 959)

Decided May 15, 1939.

Mr. BYRON G. ROGERS, Attorney General, Mr. CHARLES
H. QUEARY, Assistant, Mr. J. GLENN DONALDSON, Assistant, for the people.

Messrs. VAN CISE, ROBINSON & CHARLTON, for defendant in error.

*In Department.*

MR. JUSTICE BOCK delivered the opinion of the court.

THIS case involves the right of the state to an inheritance tax determined upon the basis of a report filed by

the inheritance tax commissioner in the estate of Frederick J. McCombe, deceased, the settlement of which is pending in the county court of the City and County of Denver. To an order upholding the right to tax, defendant in error filed objections upon the ground that the court erroneously determined that Fannie Louise McCombe, widow of decedent, acquired the entire interest in said estate; erroneously valued such interest, and erroneously assessed the tax thereon. The court, after a hearing on the objections, vacated its former order and decreed that no inheritance tax was due the state upon the transfers involved, and that no tax should be paid by the executor of the estate. Section 19, chapter 85 C. S. A. '35, is the applicable statute. The final conclusion of the court was based upon the contention by the representative of the estate, that the widow, under the provisions of a will, held only a life estate, the amount of which was reasonably ascertainable; that its value was less than the amount of her statutory exemption, and that the remainder was left for charitable purposes and therefore exempt from the imposition of any inheritance tax.

The people allege error and seek reversal. They concede that if the case is one in which there is no possibility, or probability, of invasion into the corpus of the estate, or if the amount passing to charity could be ascertained, that the holding of the trial court was correct.

■■ If the devise to charity is reasonably certain, no tax, under the facts, is due the state. If the provision in the will for the maintenance of the widow for life makes the devise to charity mere guesswork and speculation, the tax is properly assessed. The trial court found, upon sufficient competent evidence, that the amount necessary for maintenance of the widow under the provisions of the will, including an invasion of the corpus, capable of being reasonably measured, can be ascertained and fixed, and it determined a certain sum for that purpose; it also ascertained the amount of the charitable devise under the terms of the will. These findings are

warranted under, and supported by, the evidence. The trial court, in its determination, followed the principles laid down in *Ithaca Trust Co. v. United States,* 279 U. S. 151, 49 Sup. Ct. 291, 73 L. Ed. 647, as distinguished from the case of *Humes v. United States,* 276 U. S. 487, 48 Sup. Ct. 347, 72 L. Ed. 667. Under the facts disclosed by the record we are of the opinion that the trial court correctly decided the issues.

The judgment is affirmed.

Mr. Justice Young and Mr. Justice Burke concur.