No. 14,356.

HAMILTON *v.* HAMILTON.
(94 P. [2d] 127)

Decided September 11, 1939.

Mr. ROBERT L. McDOUGAL, for plaintiff in error.

MR. ERNEST LEE WILLIAMS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

IN a contempt proceeding on a citation for faliure to pay alimony, there was order of discharge. The court further ordered that the judgment for alimony be vacated and voided.

In September, 1920, plaintiff in error obtained a divorce from defendant in error. The parties entered into a written contract in relation to ''Alimony, division of property, and all property rights existing between them,'' the provisions of which were approved by the court and made part of the findings and decree entered in the case. Of the provisions of the contract and decree entered pursuant thereto, defendant in error was required to pay plaintiff in error ''as reasonable alimony,'' the sum of $1400, $700 on or before June 15, 1920, and a like sum on or before June 15, 1921. It is conceded that those payments were discharged. The further contractual and decreed provision required defendant in error to pay $150 per month on the 5th of March, April, and May, 1920, and thereafter, beginning June 5, 1920, $165 per month, ''for the support and maintenance'' of plaintiff in error and three minor children. It was further provided that in the event of the remarriage of plaintiff in error, the payments should be reduced to $115 per month, and that as the children attained unto the age of twenty-one years, or were deceased, ''the monthly sums then due and payable hereunder shall be reduced to the extent of one-third thereof.'' It appears that one of the children died in 1922, and that the other two have attained unto the age mentioned, the youngest of them becoming twenty-one,

December 13, 1933. May 24, 1937, plaintiff in error filed a "petition for citation" charging that defendant in error had disregarded his obligation to plaintiff in error and their children, and had failed and refused to comply with the order of the court during the children's minority, in which defaults he was persisting; and that there was due and owing from defendant in error a substantial sum of money. Citation issued on said petition, requiring defendant in error to appear and show cause "why the order of court, entered September 21, 1920, still in full force and effect, should not be complied with." Defendant in error answered the citation, setting forth the contract and decree originally entered, substantially as we have recited, and alleged that he had made "every effort to carry out the terms" of the contract and decree; further alleging that the present proceeding is the first effort of plaintiff in error to enforce the decree, he invoked the doctrine of laches.

The evidence on the citation and answer consisted of the contract executed by the parties, which was the basis of the court's findings and decree in the divorce trial proper, the cross-examination of defendant in error by plaintiff in error's counsel, and supplementary examination by defendant in error's own counsel. Briefly stated, the testimony of defendant in error was to the effect that while he had not at all times paid $165 per month, or the proportionate part thereof, as reduction had resulted owing to the death of one of the children, and the attainment of twenty-one years of age by one of the others, he frequently paid more than that amount, and at all times had paid as much as he could. He testified that he was not able to make further payments to the consummation of which he had been cited, and his explanation was not lacking in persuasive qualities.

The court sustained the plea of laches. Considering that the decree for divorce and alimony entered in 1920; that plaintiff in error took no formal steps to enforce the judgment for alimony until 1937, and then by

a contempt proceeding, we cannot think the court erred in its ruling on this point. In *Price v. Price,* 80 Colo. 158, 249 Pac. 648, the decree of divorce and for alimony was entered June 11, 1910. December 28, 1925, for the first time, the divorced wife proceeded by petition and citation for contempt. Plea of laches was interposed, as here. Disposing of the point there, we said: ''This proceeding in contempt, having been instituted after the lapse of more than fifteen years from the date of the decree in the action for divorce  *  *  *, plaintiff is barred by laches. 19 C. J. 298.'' We regard that decision as sound and controlling here.

We are not in accord, however, with the court's order of annulment of the judgment for alimony. The proceeding was not apt for an inquiry of that character, nor was the hearing conducted on such theory. Defendant in error did not apply for relief of that nature, and, other than determining whether defendant in error was in contempt—concededly the sole issue—judgment was not in order. *Duvall v. Duvall,* 95 Colo. 95, 32 P. (2d) 842; *Hall v. Harrington,* 7 Colo. App. 474, 44 Pac. 365. See, also, *McGregor v. McGregor,* 52 Colo. 292, 122 Pac. 390; *Cormana v. Naron,* 37 Ida. 482, 217 Pac. 597. Of course, on an inquiry as for contempt in such matters, the court would be justified in determining upon proper evidence that the respondent had complied with the orders and discharge him; but here there was no occasion for such a finding. Indeed, a finding to that effect would not have been warranted, for, as we have seen, defendant in error —the only witness—did not venture to say he had made payments in accordance with the decree, but rather that he had done the best he could. The court's order of discharge was rightly based on the plea of laches, for as we have said in *Price v. Price, supra,* ''no sufficient cause for plaintiff's long delay'' in making application for the citation which she belatedly presented, appeared; but whether pursuant to the decree there still is money due plaintiff in error, or she is advised so, her right to attempt

collection through appropriate processes and writs may not properly be foreclosed in this proceeding.

Let the judgment be reversed to the extent we have indicated, and affirmed otherwise.

Mr. Justice Young and Mr. Justice Knous concur.