Myrtle Felton, Appellant, v. Samuel Felton, Appellee.

Gen. No. 43,005.

Heard in the third division of

this court for the first district at the April term, 1944.
Opinion filed
June 29, 1945. Released for publication July 24, 1945.

HAROLD A. FEIN, of Chicago, for appellant.

E. J. BLAIR, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff appealed from an order denying her petition for alimony which accrued under the terms of a divorce decree entered in her favor July 13, 1934. Defendant filed a cross-appeal from the same order denying modification of the terms of the decree. Under the terms of the decree the defendant is required to pay the plaintiff the sum of $125 per month, commencing July 16, 1934, until she remarries; and in the event defendant shall have a monthly income from all sources in excess of $400, he is directed to pay, in addition to the monthly payment of $125, 25 per cent of the excess.

The material facts are uncontroverted. Since 1928 the defendant has been employed continuously by the Acme Steel Company as a traffic manager. At the time of the entry of the decree, his monthly income from all sources was $350; and periodically thereafter, commencing January 1, 1935, defendant's salary increased every year until it reached $708.33 monthly. Plaintiff is a resident of Miami, Florida, and has not remarried. Her only source of income has been the alimony payments of $125 monthly from the defendant. To recover the alimony which accrued under the terms of the divorce decree by reason of defendant's monthly earnings in excess of $400, she filed her petition on April 19, 1943, which avers that "she believes that the defendant for some time prior to the filing of the petition has had income in excess of $400 a month and that he refuses to disclose the amount

thereof and the date on which such excess commenced.'' Defendant filed a verified answer admitting that he had received $18,253.12 in excess of $400 per month, for the period beginning January 2, 1935, to April 30, 1943. The answer further avers that the plaintiff was guilty of laches in not asserting her claim for alimony, and concludes with a prayer that the divorce decree be modified by eliminating the provision for the payment of 25 per cent of his income in excess of $400 a month.

The chancellor referred the petition and answer to a special commissioner ''to hear testimony and make his report and recommendation as to the law and facts.'' In his report the special commissioner found, *inter alia,* that ''she (plaintiff) is now estopped and barred from making any demand for past-due alimony which may have accrued,'' which finding is based upon defendant's Exhibit ''A,'' being a letter from the plaintiff to the defendant postmarked February 8, 1943, reading as follows:

''Now that I am supposed to pay my own income tax, you will have to send me the amount of the tax. If you will not, I will have to collect all you owe me. I am not asking for only what is mine. I don't understand why you don't pay it all now, because if you die first, I certainly would ask for it out of your estate. I am not threatening you, I am simply telling you. I will have Mr. Fein collect all you owe me if I have to.

(Signed) Myrtle.''

The special commissioner recommended that an order be entered denying the prayer of the defendant's answer to modify the decree and also plaintiff's petition for 25 per cent of the monthly earnings of the defendant in excess of $400.

The chancellor overruled the objections filed to the special commissioner's report, and followed his findings and recommendations.

■ The first question presented for decision is whether plaintiff is guilty of laches in seeking the enforcement of her rights more than 8 years after defendant's monthly income increased in excess of $400. The only evidence tending to sustain the special commissioner's finding, which was adopted by the chancellor, that plaintiff had any information with respect to defendant's income, appears in the letter of February 8, 1943. The record is barren of any other proof that plaintiff delayed the assertion of her right to the accrued alimony. It was defendant's obligation, under the provisions of the decree, to pay the additional alimony as his income increased, but the evidence does not disclose that he ever attempted to furnish the plaintiff with this information. Since the best source of information as to the defendant's income lies within his own breast, it would be a strange doctrine indeed to place this burden upon the plaintiff, particularly while she was residing in a foreign state. It should also be noted that plaintiff instituted these proceedings about two months after she wrote defendant's Exhibit A. We are unable to see the force of defendant's argument that plaintiff was not diligent in pressing her claim. In support of defendant's contention that the plaintiff has slept on her rights, he cites the case of *Gordon v. Baker,* 182 Ill. App. 587, and *Price v. Price,* 80 Colo. 158. Since the *Price* case is reviewed in the later case of *Kaifer v. Kaifer,* 286 Ill. App. 433, we shall not discuss it except to say that the factual situation is different from that in the case before us. In the *Kaifer* case, a decree of divorce was entered in January 1922, which was modified a year later. In October 1935, Mrs. Kaifer filed a petition charging that defendant ceased paying monthly instalments after June 1925. Defendant answered, as in the present case, that petitioner was guilty of laches in prosecuting her petition, but the court held, at page 439, that the decree for monthly payments was "a continuing order."

Since the filing of this appeal, the case of *Wadler v. Wadler*, 325 Ill. App. 83, was determined. The authorities cited by defendant, and many others, involving the question of alimony where the defense of laches was interposed, are therein reviewed and distinguished. The court held, in effect, that a divorce decree providing for the payment of alimony was, by its nature, a continuing order, and said, at page 93:

"If it be assumed that a decree for alimony is a money decree, as indicated by the foregoing decisions, it is difficult to perceive why the 20-year statute of limitations applicable to judgments, as provided in par. 24b, sec. 25, ch. 83, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 107.284 (2)], does not apply, and since plaintiff filed her petition for a money judgment long before any of the payments could have been barred by the 20-year limitation, the amount awarded her was manifestly proper."

The only other contention requiring consideration is that the chancellor erred in failing to deduct defendant's alleged entertainment expense and the cost of operating an automobile, in determining his income. The evidence adduced before the special commissioner as to the necessity and amount of these deductions claimed by the defendant is very vague and indefinite, and we believe that the chancellor was warranted in refusing to consider them. It also appears that, subsequent to the filing of the bill of complaint for divorce, the parties entered into an agreement with respect to the alimony, which was later incorporated into the divorce decree.

The divorce decree with respect to alimony makes no provision for any deductions. The absence of such a provision, coupled with lack of proof showing any change in the defendant's circumstances justifying a modification, amply supports the chancellor's holding.

In view of what we have said, that portion of the order entered November 23, 1943, denying defendant's

prayer to modify the divorce decree, is affirmed, and that part denying plaintiff's petition for alimony which accrued under the terms of the divorce decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Affirmed in part, reversed in part and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.