No. 16,825.

BURKE *v.* BURKE.
(255 P. [2d] 740)

Decided March 23, 1953. Rehearing denied April 13, 1953.

Mr. STEVENS PARK KINNEY, for plaintiff in error.

Messrs. PHELPS, WITTELSHOFER & CALKINS, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE SHALL herein refer to plaintiff in error as "husband," and to defendant in error as "wife." The wife obtained a final decree of divorce from her husband in February, 1935, by which decree she was awarded the custody of their minor daughter, Barbara, born July 10, 1927. Under the order in this decree ($30.00 per month to be paid to the wife through the clerk's office), the

husband paid a total of $520.00. The husband remarried, and for a time lived in Colorado. He then departed the state and his whereabouts were unknown. It appears from the record that the husband established residence in California, and was residing there in August, 1951, when the wife applied to the trial court to reduce to judgment the arrears under the decree of February, 1935. These arrears, as shown by the records in the office of the clerk of the district court, amounted to $4,305.00. The trial court entered judgment against the husband for this amount, together with simple interest thereon at the statutory rate, and allowed the husband thirty days time within which to move to set aside the judgment.

In the husband's "motion to set aside judgment," filed pursuant to this leave of court, he set forth: "That by the terms of the interlocutory decree the plaintiff was granted the care and custody of the minor child of the parties hereto, and the defendant was to pay plaintiff the sum of $30.00 per month support for said minor child." He also alleged that, "from the inception of the interlocutory decree in 1934 until the 7th day of August, 1951, plaintiff took no action whatsoever to collect any support arrearage — nothing whatsoever being filed in this case in the meantime." He also alleged that he had paid $520.00 under said decree, and also stated that the judgment of August, 1951, was entered without notice to him. He further alleged that more than three years had elapsed since said minor child had become of age, and that the wife's right to a judgment was barred by the three-year statute of limitations.

After a full hearing in which the wife was thoroughly examined by the husband's counsel, and her own attorneys, the trial judge said: "The court has given the defendant full opportunity to make any explanation. The court is satisfied that even granting the plaintiff was guilty of laches, her explanation for not enforcing payment seems sufficient justification for the delay, so

the court specifically finds she was not guilty of laches."

At the conclusion of the hearing, counsel for the wife requested the court to amend the judgment because of an alleged error on their part in computing interest. This motion was denied, and this ruling is the basis of a cross specification on the part of the wife.

The husband's motion to vacate the judgment having been denied, he brings the case here for review by writ of error, specifying as points for reversal: (1) That the wife was not entitled to a judgment without previous notice served upon the husband; (2) that the trial court erred in adding interest to the amount found to be due under the decree; (3) that the wife was not entitled to judgment for these arrears on account of laches; and (4) that the claim for this support money was outlawed under the three-year statute of limitations. Other points are specified, but do not warrant consideration in this opinion.

The pertinent statute is section 8, chapter 56, '35 C.S.A., which provides, inter alia: "When a divorce has been granted the court may make such order and decree providing for the payment of alimony and maintenance of the wife and minor children or either of them as may be reasonable and just, and may require security to be given for the payment of such alimony, or enforce the payment thereof by *execution* or imprisonment, or may decree a division of property." (Emphasis supplied)

In *People ex rel. v. District Court,* 21 Colo. 251, 40 Pac. 460, our court, speaking through Mr. Justice Campbell said, with reference to an order for imprisonment of a husband for willful failure to comply with an order for the payment of counsel fees in a divorce action: "Our statute * * *, we think, empowers a court, in a proper case, to apply this remedy; but as it also authorizes the issuance of an execution for the collection of alimony thus awarded, the relator insists that by necessary construction all other remedies are excluded. We think not, however. The statutory remedy by execution

in this case is merely cumulative. *Wharton v. Wharton*, 57 Iowa 696. The attachment for contempt, moreover, exists independent of statute, and issues by a court in the exercise of its ordinary and inherent powers, and the giving of the remedy by execution was not, in our judgment, intended to take away from the court its inherent power to punish by way of contempt in extreme and unusual cases. The remedy, therefore, in our judgment, in the proper case, still exists."

By this statute the court is authorized to enforce its orders by execution. In *United States v. Nourse*, 9 Pet. 8, it was said: "An execution is the end of the law. It gives the successful party the fruits of his judgment." Here the wife was the successful party and the trial court had power, without previous notice to the husband, to enter a judgment for the total arrears so that execution might issue thereon and the proceedings available to any judgment creditor could thereby be made available to her.

 In the instant case the husband does not dispute the amount of the arrearage. The action of counsel for the wife to have judgment for the arrears entered, was the usual and ordinary procedure, and authorized by section 8, chapter 56, '35 C.S.A., supra. Under this section the district court was authorized to order the issuance of an execution, and the husband was not prejudiced by the entering of judgment for the correct total amount due under the decree.

"Each installment which matures under a decree which has not been modified becomes a judgment debt similar to any other judgment for money. The original decree is final in character with respect to each matured installment and so cannot be challenged here and should not be challenged elsewhere. Execution may issue upon it. It is therefore unnecessary to seek in the original action a 'money judgment,' although, upon a showing made to the court of the amount of the matured installments which remain unpaid, it is not improper for the District

Court to note of record the amount which is then due under the original judgment." *Kephart v. Kephart,* 193 F. (2d) 677.

We conclude that under the record as here presented, the husband was not entitled to notice of the application for entering of the consolidated judgment for the arrears.

 Counsel for the husband argue, without citing any supporting authority, that there is no basis for the allowance of interest on the arrears.

The original decree, in which the husband was directed to make the stated payments, was a decree for the payment of money, and such a judgment draws interest at the statutory rate if not paid when due. *Wadler v. Wadler,* 325 Ill. App. 83, 59 N. E. (2d) 505; *Harding v. Harding,* 180 Ill. 592, 54 N. E. 604; *Kaifer v. Kaifer,* 286 Ill. App. 433, 3 N. E. (2d) 886.

The case of *Lowell, Executrix v. Arnett,* 104 Colo. 343, 90 P. (2d) 957, was one in which the defaulting husband died, and claim was filed against his estate by the wife for the balance due her for support money based *solely* on the decree in divorce. In that case our Court said: "Predicated so, the court found there was due claimant the sum already stated, and so adjudged. The amount included simple interest at the statutory rate. Clearly, as we perceive, the evidence justified the award as the sum and we are not disposed to disagree with the conclusion of the trial court to the effect that the circumstances warranted allowance of interest. See, *Kaifer v. Kaifer,* 286 Ill. App. 433, 3 N. E. (2d) 886."

In the instant case the husband remarried, and for reasons best known to him, passed on to others the responsibility for the support of the minor daughter. He left the jurisdiction of the court in this state and his whereabouts were unknown. He continued to remain in a foreign state, and even when his motion to vacate the judgment was heard, he did not appear in person or testify by deposition, although afforded every opportunity to do so; however, the child was cared for and

educated, something which could not have been done on the pittance of thirty dollars a month which the husband was ordered to pay. The allowance of interest was proper.

■ Counsel for the husband relies on the case of *Price v. Price*, 80 Colo. 158, 249 Pac. 648, to sustain his position regarding "laches."

The Price case was one for an adjudication that defendant was in contempt of court by reason of his failure to comply with the trial court's order for support money. Speaking of the Price case, our court in the Lowell case, supra, said: "We concluded that the plea of laches, timely and appropriately interposed in the trial tribunal, should operate to release the husband from the enforcement of so drastic a remedy." (Punishment for contempt.)

In the present case, the evidence before the trial judge was ample to support his findings that the wife was not dilatory, neglectful or remiss, and hence could not be successfully confronted with a plea of laches even had she proceeded in a contempt case. The record discloses that she was ever on the alert for an opportunity to collect the monthly allowance which had been awarded. It appears that the husband's mother passed away, and distribution of her estate was about to be made, so, in order to enforce collection of the arrears due her, the wife applied to the court for the necessary order for the issuance of an execution.

■ Council for the husband asserts that marriage is a civil contract and that orders for alimony and support money arise out of that contract; he, therefore, claims that the order for support money is an action on a contract and barred by section 6, chapter 102, '35 C.S.A. Again, we are not favored with any authority which sustains the contention of counsel, and our investigation convinces us that no such authority can be found.

In the original divorce action, the husband participated

personally, and also was represented by counsel, and for a time made payment of the support money ordered by the trial court. The husband was fully aware of all the provisions of the decree, and for reasons best known to himself he avoided the consequences of his neglect and had sanctuary in a foreign state. Now, when confronted with an attempt to collect what was due the wife, his counsel urge technical objections to avoid payment of that which the husband either carelessly or willfully failed to pay. To here hold that the wife cannot recover from the husband by execution the support money decreed in the original action, would be a reproach to the law, and offensive to our sense of justice.

Referring to the cross specification of points filed by counsel for the wife, the only matter in the record relating thereto is the statement of one of her attorneys: "We were very much in error when we asked for the judgment and ask that it be corrected." This application was denied. Counsel for the wife now contend that in computing the interest they erred in favor of the husband, but no showing was made to the trial judge of what the error consisted, and we are not inclined to set aside his ruling on this point on a record lacking in essential facts properly before him.

The judgment is affirmed.