No. 18,991.

JENNIE HAUCK, EXECUTRIX, ETC. *v.* ELSIE L. SCHUCK, ET AL.

(353 P. [2d] 79)

Decided June 13, 1960.

Miss GRACE KENEHAN, for plaintiff in error.

Mr. THOMAS L. FORD, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

PLAINTIFF in error as executrix of the estate of George A. Schuck, deceased, seeks review of a judgment of the

district court which allowed the claim of defendant in error Elsie L. Schuck. The parties will be referred to herein as claimant and executrix.

The claim was first asserted in the county court. Its basis was unpaid installments under a child support order entered as part of a divorce decree. The decedent had been ordered to pay $25.00 per month for the support of his daughter, Ruby L. Olson, who also appears as a defendant in error. Ruby Olson's rights are not involved in this review. The claim was filed in the County Court on November 15, 1957. The divorce decree was entered on September 23, 1929. Ruby L. Schuck, now Ruby L. Olson, was born July 13, 1920.

In her claim, filed in the probate court, the claimant had sought to recover a total of $3,662.50, which represented all of the amounts which had accumulated from the date of the divorce until Ruby reached majority, with the exception of $175.00, which sum was admittedly paid by decedent.

The county court allowed the claim to the extent of $1,087.00. The balance was disallowed on the theory that it was barred by the 20-year statute of limitations applicable to judgments, C.R.S. '53, 77-1-2. All amounts which had accrued prior to November 15, 1937, 20 years prior to the date of the filing of the claim, were disallowed. This left the period starting November 15, 1937, and continuing to July 13, 1941, the date on which Ruby became 21.

The district court adopted the findings of the county court and, in entering judgment, observed:

"THE COURT: I think the county court reached a proper conclusion in this case, and that its judgment and findings should be substantially adopted and affirmed by this court. And that will be done and that will be the findings of the court.

"The defense of laches, in my judgment has not been established. The mere lapse of time is not sufficient to bar a claim on the ground of laches. There are some

things, outside of the lapse of time, which have been established, but not sufficient, in my judgment to invoke the remedy of laches. And as far as the emancipation is concerned, the only proof was that this young lady was working part of the time and receiving a small pittance for her labor, not sufficient to completely support her away from the mother's house."

In seeking a reversal the executrix urges the following: (1) That the claim is barred by laches; (2) That the evidence established beyond dispute that Ruby was emancipated at the age of 19; (3) That claimant failed to present clear and convincing proofs to establish the amount of her claims.

■ It seems clear from a long line of our decisions, illustrated by *Burke v. Burke,* 127 Colo. 257, 255 P. (2d) 740; *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P. (2d) 602; *Jenner v. Jenner,* 138 Colo. 149, 330 P. (2d) 544; and our most recent pronouncement in *Beardshear v. Beardshear,* No. 18,863, announced June 6, 1960, that accrued installments of support or alimony are final judgments. The appropriate statute of limitations is that which pertains to judgments, C.R.S. '53, 77-1-2. Both county court and district court were correct in applying this limitation provision. From this it follows that the computation was correct and unless the court erred in its refusal to hold that the claims in question were barred by laches the judgment must be affirmed.

There are a number of decided cases which have considered the question whether laches can operate in circumstances such as the present one. See *Price v. Price,* 80 Colo. 158, 249 Pac. 648; *Lowell v. Arnett,* 104 Colo. 343, 90 P. (2d) 959; *Hamilton v. Hamilton,* 104 Colo. 615, 94 P. (2d) 127; *Burke v. Burke,* supra.

■ The only decision which furnishes support to the contention of the executrix is *Lowell.* There the contention that the claim was barred by laches was rejected, it not having been raised at the trial. However, even there a distinction was recognized between a contempt

proceeding and an action to collect accrued installments. It was said:

"Also, and the distinction is recognized by the authorities, in the Price case the proceeding was in contempt by which the wife, after the lapse of more than fifteen years, sought to enforce her rights against the husband. We concluded that the plea of laches, timely and appropriately interposed in the trial tribunal, should operate to release the husband from the enforcement of so drastic a remedy."

The other decisions gave clear recognition to the distinction and held that laches is applicable only when the attempted enforcement is by means of contempt procedures.

In *Jenner,* the Court speaking through Mr. Justice Knauss, said:

"Laches is not available to the husband under the facts in this case. This doctrine is discussed in some Colorado cases with relation to contempt proceedings. That the rule applies only to the remedy of contempt is recognized in *Lowell, Executrix, v. Arnett,* 104 Colo. 343, 90 P. (2d) 957, and in *Hamilton v. Hamilton,* 104 Colo. 615, 94 P. (2d) 127. In the Hamilton case while the contempt remedy was refused, the court specifically stated: 'But, whether, pursuant to the decree, there still is money due plaintiff in error, or she is advised so, her right to attempt collection through appropriate processes and writs may not properly be foreclosed in this proceeding.' "

█ In line with the reasoning of our previous decisions, that alimony and support installments are judgments, we must conclude that such judgments are enforcible during the entire period of the statute of limitations; that the doctrine of laches, applicable to enforcement procedures for contempt, does not apply to the remedy here being pursued.

We have considered the other contentions of the executrix and conclude that they are not meritorious. The trial court's finding with respect to whether Ruby

was emancipated at age 19 is supported by substantial evidence.

As to the contention of the executrix that the claimant is barred by the doctrine of acquiesence, we note that the only evidence offered to support the contention was the lapse of time. The trial court properly held that this was insufficient.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE HALL concur.