T.C. Memo. 2015-80

UNITED STATES TAX COURT

DAVID IGLICKI AND LAURA J. STULTZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23542-12.                    Filed April 27, 2015.

<u>William L. Henry</u> and <u>Louisa A. Schlieben</u>, for petitioners.

<u>Nancy C. Carver</u> and <u>Matthew A. Houtsma</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $10,479 and
an accuracy-related penalty of $2,096 with respect to petitioners' Federal income
tax for tax year 2010.

**[*2]** Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

The issues for consideration are (1) whether petitioners are entitled to an alimony deduction under section 215(a), and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts are stipulated and are so found. Petitioners are a married couple who resided in Colorado when they filed their petition.

Petitioner husband was previously married to Ms. Christie Iglicki. They were married on March 2, 1991, and they had one child. They signed a separation agreement on April 1, 1999, in the State of Maryland.

The separation agreement required petitioner husband to pay $735 per month in child support to Ms. Iglicki. The separation agreement did not require petitioner husband to pay any spousal support to Ms. Iglicki unless he defaulted on his obligations under the separation agreement. If petitioner husband did default, he would become immediately liable for $1,000 per month in spousal support. Petitioner husband's obligation to pay spousal support would continue until one of

[*3] the following events occurred: (a) Ms. Iglicki died, (b) petitioner husband died, or (c) petitioner husband made 36 payments. The Circuit Court for Harford County, Maryland, entered a final divorce decree on June 22, 1999. The divorce decree incorporated the separation agreement.

After the divorce petitioner husband moved to Colorado. He defaulted on his obligations under the separation agreement and the divorce decree and began incurring spousal support obligations as of November 1, 2002. In 2003 Ms. Iglicki filed suit in the District Court of El Paso County, Colorado (El Paso district court), to enforce the separation agreement and divorce decree. On August 12, 2008, Ms. Iglicki filed a verified entry of judgment with the El Paso district court, declaring that petitioner husband owed her (1) $16,500 in past due child support, plus $6,338 in interest, for a total of $22,838 in child support arrears and (2) $36,000 in past due spousal support, plus $28,156 in interest, for a total of $64,156 in spousal support arrears. Ms. Iglicki sought and obtained a writ of garnishment against petitioner husband's wages from the El Paso district court.

Petitioner husband paid off all child support arrears as of April 2009. On September 9, 2009, petitioner husband and Ms. Iglicki agreed to an increase in monthly child support from $735 to $938.

**[*4]** During 2010 petitioner husband made $50,606 in payments to Ms. Iglicki. The payments, which were garnished from petitioner husband's wages, included $11,256 for child support.

Petitioners claimed a deduction for $39,350 of alimony payments on their 2010 tax return. Ms. Iglicki reported $13,441 of alimony income on her 2010 tax return.

On June 18, 2012, respondent issued petitioners the notice of deficiency disallowing the alimony deduction and determining the accuracy-related penalty.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners did not contend that the burden of proof should be shifted to respondent under section 7491(a), and the record does not suggest any basis for a shift.

I.    Alimony Payments

Section 215(a) provides that "[i]n the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance

**[*5]** payments paid during such individual's taxable year."  Section 71(b)(1)

defines "alimony or separate maintenance payment" as any payment in cash if--

       (A) such payment is received by (or on behalf of) a spouse
under a divorce or separation instrument,

       (B) the divorce or separation instrument does not designate
such payment as a payment which is not includable in gross income
under this section and not allowable as a deduction under section 215,

       (C) in the case of an individual legally separated from his
spouse under a decree of divorce or of separate maintenance, the
payee spouse and the payor spouse are not members of the same
household at the time such payment is made, and

       (D) there is no liability to make any such payment for any
period after the death of the payee spouse and there is no liability to
make any payment (in cash or property) as a substitute for such
payments after the death of the payee spouse.

Respondent concedes that petitioner's spousal support payments to Ms.

Iglicki meet the requirements of section 71(b)(1)(B) and (C) but argues that the

payments do not meet the requirements of section 71(b)(1)(A) and (D).  These

requirements are in the conjunctive, and all must be met in order for a payment to

be treated as alimony.

Under section 71(b)(1)(D) the payor must have no liability to continue

payments after the payee's death; otherwise the payor may not deduct the

payments.  See Johanson v. Commissioner, 541 F.3d 973, 976-977 (9th Cir. 2008),

**[*6]** aff'g T.C. Memo. 2006-105. If the payor is liable for even one otherwise qualifying payment after the payee's death, none of the related payments required before death will qualify as alimony. Sec. 1.71-1T(b), Q&A-10, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984). If the State court order is silent as to the existence of a postdeath obligation, the requirements of section 71(b)(1)(D) may still be satisfied if the payments terminate upon the payee's death by operation of State law. Johanson v. Commissioner, 541 F.3d at 977.

Petitioner husband made the spousal support payments at issue pursuant to the verified entry of judgment issued by the El Paso district court. The verified entry of judgment is silent as to the existence of a postdeath obligation. Colorado has enacted the Uniform Dissolution of Marriage Act (UDMA), Colo. Rev. Stat. secs. 14-10-101 through 14-10-133 (2014). As enacted in Colorado, the UDMA specifically authorizes the award of spousal maintenance. See id. sec. 14-10-114. The term "maintenance" is defined to include the term "alimony". Id. sec. 14-10-103(1). A foreign judgment may be enforced in Colorado and has the same effect, and is subject to the same procedures, defenses, and proceedings, as a Colorado judgment. Id. sec. 13-53-103.

Colorado law treats payments made to satisfy future spousal support obligations differently from payments made to satisfy spousal support arrears.

**[*7]** Future spousal support obligations terminate at the death of either spouse unless otherwise agreed in writing or expressly provided in the decree. Id. sec. 14-10-122(2)(a)(I); Miller v. Commissioner, T.C. Memo. 1999-273, slip op. at 10-11, aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). By contrast, an order enforcing spousal support arrears becomes a final money judgment, and the applicable statute of limitations is the general 20-year statute applicable to any other court order. Colo. Rev. Stat. sec. 14-10-122(1)(c); In re Marriage of Nussbeck, 974 P.2d 493, 499 (Colo. 1999); Hauck v. Schuck, 353 P.2d 78, 80 (Colo. 1960). Since the verified entry of judgment was issued to assist Ms. Iglicki in collecting past due but unpaid spousal support, it is treated as a final money judgment against petitioner husband.

Under Colorado law "[w]hen a judgment is obtained in any court of record in this state against any person who after the rendition of said judgment dies, a claim based upon such judgment may be filed against the estate of the deceased judgment debtor without first reviving the judgment against his heirs or personal representatives." Colo. Rev. Stat. sec. 13-58-101. In addition, "[t]he collection of the judgments of courts of record shall not be delayed nor hindered by the death of the plaintiff", and the executor or administrator may be substituted for the plaintiff. Id. sec. 13-58-103. Under Colorado law liability for payment of a final

**[\*8]** money judgment is not affected by the death of either the payor or the payee. Therefore, the spousal support payments fail to qualify as alimony under section 71(b)(1)(D) and petitioners are not entitled to an alimony deduction under section 215(a) for the payments.

## II.    Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) for the year at issue.  Section 6662(a) imposes a 20% penalty on any underpayment attributable to, among other things, negligence or disregard of rules or regulations within the meaning of subsection (b)(1) or any substantial understatement of income tax within the meaning of subsection (b)(2).  Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in subsection (b).  Sec. 1.6662-2(c), Income Tax Regs.

The Commissioner bears the burden of production regarding the taxpayer's liability for any penalty.  Sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner has met this burden, the taxpayer must provide persuasive evidence that the Commissioner's determination was incorrect.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.

[*9]    Respondent can meet this burden by producing evidence that the understatement of income tax is substantial as defined in section 6662(d)(1)(A). See Janis v. Commissioner, T.C. Memo. 2004-117, slip op. at 28, aff'd, 461 F.3d 1080 (9th Cir. 2006), and aff'd, 469 F.3d 256 (2d Cir. 2006).  The deficiency of $10,479 here indicates that petitioners' understatement exceeds $5,000, which is greater than 10% of the income tax required to be shown on the tax return, $2,860, for the taxable year.  Respondent has met the burden of production.

The accuracy-related penalty does not apply with respect to any portion of an underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith.  Sec. 6664(c)(1).  Petitioners did not provide reasonable cause for improperly deducting the alimony.  Petitioners are liable for the accuracy-related penalty.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.